FILED

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

MALIBU MEDIA, LLC,　　　　　　　　　　 )
409 W. Olympic Boulevard, Suite 501,　　　 )
Los Angeles, California 90015,　　　　　　 )
　　　　　　　　　　　　　　　　　　　　 )
　　　　Plaintiff,　　　　　　　　　　　　 )　　Civil Action Case No. 3:12-cv-1222-J-32JRK
　　　　　　　　　　　　　　　　　　　　 )
v.　　　　　　　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　　 )
JOHN DOE 1,　　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　　 )
　　　　Defendant.　　　　　　　　　　　　 )
_____ )

## COMPLAINT FOR COPYRIGHT INFRINGEMENT
## AND DEMAND FOR JURY TRIAL

Plaintiff, Malibu Media, LLC ("Plaintiff"), for its complaint against John Doe 1 ("Defendant"), alleges as follows:

### Introduction

1.　　　This matter arises under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq. (the "Copyright Act").

2.　　　Defendant is a persistent online infringer of Plaintiff's copyrights. Indeed, Defendant's Internet service was used to illegally distribute each of the copyrighted movies set forth on Exhibit "A."

3.　　　Plaintiff is the registered owner of the copyrights set forth on Exhibit "A" (the "Copyrights-in-Suit.")

**Jurisdiction And Venue**

4.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338 (patents, copyrights, trademarks and unfair competition).

5.     The Defendant's acts of copyright infringement occurred using an Internet Protocol address ("IP address") traced to a physical address located within this District, and therefore this Court has personal jurisdiction over the Defendant because (a) Defendant committed the tortious conduct alleged in this Complaint in this State, and (i) Defendant resides in this State and/or (ii) Defendant has engaged in substantial and not isolated business activity in this State.

6.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c), because: (i) a substantial part of the events or omissions giving rise to the claims occurred in this District; and, (ii) the Defendant resides (and therefore can be found) in this District and resides in this State; additionally, venue is proper in this District pursuant 28 U.S.C. § 1400(a) (venue for copyright cases) because each Defendant or Defendant's agent resides or may be found in this District.

**Parties**

7.     Plaintiff, Malibu Media, LLC, is a limited liability company organized and existing under the laws of the State of California and has its principal place of business located at 409 W. Olympic Boulevard, Suite 501, Los Angeles, CA 90015.

8.     Defendant, John Doe 1, is an individual who is a resident of the state of Florida. As set forth on Exhibit A, Defendant's IP address is 98.224.44.246.

2

9.      Defendant's Internet Service Provider, set forth on Exhibit A, can identify the Defendant.

## Factual Background

### I.     *Defendant Used BitTorrent To Infringe Plaintiff's Copyrights*

10.      BitTorrent is one of the most common peer-to-peer file sharing protocols used for distributing large amounts of data.

11.      The BitTorrent protocol's popularity stems from its ability to distribute a large file without creating a heavy load on the source computer and network. In short, to reduce the load on the source computer, rather than downloading a file from a single source computer (one computer directly connected to another), the BitTorrent protocol allows users to join a "swarm" of host computers to download and upload from each other simultaneously (one computer connected to numerous computers).

12.      Each of the peers in a BitTorrent swarm distributes pieces of the file to each other.

13.      After a peer receives all of the pieces of a file, the peer's BitTorrent software program reassembles the pieces so that the file may be opened and used or played.

14.      Each piece of BitTorrent file is assigned a unique cryptographic hash value.

15.      The cryptographic hash value acts as a unique digital fingerprint to ensure a piece of the data belongs in a particular BitTorrent file.

16.      Plaintiff's investigator, IPP Limited, established a direct TCP/IP connection with the IP address set forth on Exhibit A on each of the hit dates set forth on Exhibits A and B. See Declaration of Tobias Fieser, attached hereto as Exhibit C.

17.      Each of the pieces of data received by IPP Limited, as set forth on Exhibit A, contains a unique cryptographic hash value.

3

18.    Cryptographic hash values act as digital fingerprints to ensure that data belongs to a particular BitTorrent file.

19.    Each of the cryptographic hash values set forth on a row of Exhibit A correlates to that certain copyrighted movie owned by Plaintiff identified on that row of Exhibit A, and the Copyright Registration Number on that row.

20.    Each of the pieces of data distributed by Defendant to IPP Limited as set forth on Exhibit A is part of a computer file containing a copy of a movie covered by a Copyright-In-Suit which is identical (or alternatively, strikingly similar or substantially similar) to the movie covered by the Copyright-In-Suit.  Indeed, the infringement was verified by viewing the copy of the movie contained in the computer file associated with the cryptographic hash value to the movie that was registered.

21.    For each Copyright-in-Suit, the most recent date and time (the "hit date"), (in undersigned's possession when this Complaint was drafted), on which IPP recorded Defendant's IP Address being used to distribute to IPP Limited a piece of a computer file containing the infringing movie is set forth on Exhibit A.

22.    A chart correlating hit dates to titles and registration numbers is set forth on Exhibit B.  As recorded by IPP Limited, Exhibit B sets forth all of the hit dates (in undersigned's possession when this Complaint was drafted) associated with all of Defendant's infringing distributions of pieces of computer files containing copies of the movies covered by the Copyrights-In-Suit.

23.    As the subscriber of the Internet service being used to distribute Plaintiff's copyrighted movies, Defendant is the most likely infringer.  Consequently, Plaintiff hereby alleges Defendant is the infringer.

4

24.     Defendant is the only person who can be identified as the infringer at this time.

**Miscellaneous**

25.     All conditions precedent to bringing this action have occurred or been waived.

26.     Plaintiff has retained counsel and is obligated to pay said counsel a reasonable fee for its services.

**COUNT I**
**Direct Infringement Against Defendant**

27.     The allegations contained in paragraphs 1-26 are hereby re-alleged as if fully set forth herein.

28.     Plaintiff is the owner of the Copyrights-in-Suit, each of which covers an original work of authorship.

29.     By using the BitTorrent protocol, Defendant copied and distributed the constituent elements of each of the original works covered by the Copyrights-in-Suit.

30.     Plaintiff did not authorize, permit or consent to Defendant's copying of its works.

31.     As a result of the foregoing, Defendant violated Plaintiff's exclusive right to:

(A)     Reproduce the works in copies, in violation of 17 U.S.C. §§ 106(1) and 501;

(B)     Redistribute copies of the works to the public by sale or other transfer of ownership, or by rental, lease or lending, in violation of 17 U.S.C. §§ 106(3) and 501;

(C)     Perform the copyrighted works, in violation of 17 U.S.C. §§ 106(4) and 501, by showing the works' images in any sequence and/or by making the sounds accompanying the works audible and transmitting said performance of the works, by means of a device or process, to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definitions of "perform" and "publically" perform); and

(D)     Display the copyrighted works, in violation of 17 U.S.C. §§ 106(5) and 501, by

showing individual images of the works nonsequentially and transmitting said display of the works by means of a device or process to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definition of "publically" display).

32.     Defendant's infringements were committed "willfully" within the meaning of 17 U.S.C. § 504(c)(2).

33.     Plaintiff has suffered actual damages that were proximately caused by Defendant including lost sales, price erosion and a diminution of the value of its copyright.

WHEREFORE, Plaintiff respectfully requests that the Court:

(A)     Permanently enjoin Defendant and all other persons who are in active concert or participation with Defendant from continuing to infringe Plaintiff's copyrighted works;

(B)     Order that Defendant delete and permanently remove the torrent files relating to Plaintiff's works from each of the computers under Defendant's possession, custody or control;

(C)     Order that Defendant delete and permanently remove the infringing copies of the works Defendant has on computers under Defendant's possession, custody or control;

(D)     Award Plaintiff the greater of: (a) Plaintiff's actual damages and any additional profits of the Defendant pursuant to 17 U.S.C. § 504-(a)-(b); or (b) statutory damages in the amount of $150,000 per infringed Work pursuant to 17 U.S.C. § 504-(a) and (c);

(E)     Award Plaintiff its reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505; and

(F)     Grant Plaintiff any other and further relief this Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

By: _____
M. Keith Lipscomb (429554)
klipscomb@lebfirm.com
LIPSCOMB, EISENBERG & BAKER, PL
2 South Biscayne Blvd.
Penthouse 3800
Miami, FL 33131
Telephone: (786) 431-2228
Facsimile: (786) 431-2229
*Attorneys for Plaintiff*

**Defendant: John Doe #1**

**IP:** 98.224.44.246
**ISP:** Comcast Cable
**Location:** Neptune Beach, FL

| Title | Hash | Date First Pub | Regis Date | Hit Date |
|-------|------|----------------|------------|----------|
| California Dreams | 5D1148F9EB8F5B1D943661A91F138360B4BF57C5 | 03/12/2012 | 03/12/2012 | 03/12/2012 20:08 |
| Perfect Girls | 6CE6B5F3935098BB37AEEF6838B71AD02F198A3E | 03/28/2012 | 03/28/2012 | 03/28/2012 20:01 |
| Wild at Heart | 59F4D88306842C1EFAE402F4646F6A125E018CD9 | 04/08/2012 | 04/09/2012 | 04/11/2012 21:19 |
| Young and Hot | 2CB00C235792C6D9BF5EFD3373043B163AAB2F03 | 06/06/2012 | 06/08/2012 | 06/08/2012 19:56 |
| Heavenly Brunettes | 4848714BF431A12C1CA670BB52259F3D413A704E | 03/07/2012 | 03/14/2012 | 07/20/2012 18:53 |
| Threes Company | AE17747810E6B5F659238133D57DC7A310B6FAF3 | 08/17/2012 | 08/15/2012 | 08/16/2012 20:20 |

**Total Statutory Copyright Infringements for Defendant John Doe #1: 6**

EXHIBIT A

**Defendant: John Doe #1**

**IP:** 98.224.44.246
**ISP:** Comcast Cable
**Location:** Neptune Beach, FL

| IP | Hash | Title | Hit Date UTC |
|---|---|---|---|
| 98.224.44.246 | A9EAE8D1B5761946A635FE10E1D0C76C582A2DD5 | Heavenly Brunettes | 03/12/2012 19:32 |
| 98.224.44.246 | A9EAE8D1B5761946A635FE10E1D0C76C582A2DD5 | Heavenly Brunettes | 03/12/2012 19:32 |
| 98.224.44.246 | A9EAE8D1B5761946A635FE10E1D0C76C582A2DD5 | Heavenly Brunettes | 03/12/2012 19:32 |
| 98.224.44.246 | 5D1148F9EB8F5B1D943661A91F138360B4BF57C5 | California Dreams | 03/12/2012 20:01 |
| 98.224.44.246 | 5D1148F9EB8F5B1D943661A91F138360B4BF57C5 | California Dreams | 03/12/2012 20:08 |
| 98.224.44.246 | A9EAE8D1B5761946A635FE10E1D0C76C582A2DD5 | Heavenly Brunettes | 03/12/2012 20:11 |
| 98.224.44.246 | A9EAE8D1B5761946A635FE10E1D0C76C582A2DD5 | Heavenly Brunettes | 03/12/2012 20:11 |
| 98.224.44.246 | A9EAE8D1B5761946A635FE10E1D0C76C582A2DD5 | Heavenly Brunettes | 03/12/2012 20:12 |
| 98.224.44.246 | A9EAE8D1B5761946A635FE10E1D0C76C582A2DD5 | Heavenly Brunettes | 03/12/2012 20:12 |
| 98.224.44.246 | A9EAE8D1B5761946A635FE10E1D0C76C582A2DD5 | Heavenly Brunettes | 03/12/2012 20:13 |
| 98.224.44.246 | A9EAE8D1B5761946A635FE10E1D0C76C582A2DD5 | Heavenly Brunettes | 03/12/2012 20:14 |
| 98.224.44.246 | 6CE6B5F3935098BB37AEEF6838B71AD02F198A3E | Perfect Girls | 03/28/2012 20:00 |
| 98.224.44.246 | 6CE6B5F3935098BB37AEEF6838B71AD02F198A3E | Perfect Girls | 03/28/2012 20:00 |
| 98.224.44.246 | 6CE6B5F3935098BB37AEEF6838B71AD02F198A3E | Perfect Girls | 03/28/2012 20:00 |
| 98.224.44.246 | 6CE6B5F3935098BB37AEEF6838B71AD02F198A3E | Perfect Girls | 03/28/2012 20:00 |
| 98.224.44.246 | 6CE6B5F3935098BB37AEEF6838B71AD02F198A3E | Perfect Girls | 03/28/2012 20:01 |
| 98.224.44.246 | 6EA4AE54E4BD3016819FF4DB29614A4E68C07A45 | Cuties #3 | 04/11/2012 20:48 |
| 98.224.44.246 | 6EA4AE54E4BD3016819FF4DB29614A4E68C07A45 | Cuties #3 | 04/11/2012 20:48 |
| 98.224.44.246 | 6EA4AE54E4BD3016819FF4DB29614A4E68C07A45 | Cuties #3 | 04/11/2012 20:48 |
| 98.224.44.246 | 6EA4AE54E4BD3016819FF4DB29614A4E68C07A45 | Cuties #3 | 04/11/2012 20:49 |
| 98.224.44.246 | 59F4D88306842C1EFAE402F4646F6A125E018CD9 | Wild at Heart | 04/11/2012 21:18 |

EXHIBIT B

LMFL49

| IP | Hash | Title | Hit Date UTC |
|---|---|---|---|
| 98.224.44.246 | 59F4D88306842C1EFAE402F4646F6A125E018CD9 | Wild at Heart | 04/11/2012 21:18 |
| 98.224.44.246 | 59F4D88306842C1EFAE402F4646F6A125E018CD9 | Wild at Heart | 04/11/2012 21:19 |
| 98.224.44.246 | F3204F71EE148D556559761B01E9C69D899FB8E9 | Anal Acrobats | 05/16/2012 20:35 |
| 98.224.44.246 | F3204F71EE148D556559761B01E9C69D899FB8E9 | Anal Acrobats | 05/16/2012 20:35 |
| 98.224.44.246 | F3204F71EE148D556559761B01E9C69D899FB8E9 | Anal Acrobats | 05/16/2012 20:36 |
| 98.224.44.246 | F3204F71EE148D556559761B01E9C69D899FB8E9 | Anal Acrobats | 05/16/2012 20:36 |
| 98.224.44.246 | F3204F71EE148D556559761B01E9C69D899FB8E9 | Anal Acrobats | 05/16/2012 20:36 |
| 98.224.44.246 | F3204F71EE148D556559761B01E9C69D899FB8E9 | Anal Acrobats | 05/16/2012 20:36 |
| 98.224.44.246 | F3204F71EE148D556559761B01E9C69D899FB8E9 | Anal Acrobats | 05/16/2012 20:36 |
| 98.224.44.246 | F3204F71EE148D556559761B01E9C69D899FB8E9 | Anal Acrobats | 05/16/2012 20:37 |
| 98.224.44.246 | F3204F71EE148D556559761B01E9C69D899FB8E9 | Anal Acrobats | 05/16/2012 20:39 |
| 98.224.44.246 | F3204F71EE148D556559761B01E9C69D899FB8E9 | Anal Acrobats | 05/16/2012 20:40 |
| 98.224.44.246 | F3204F71EE148D556559761B01E9C69D899FB8E9 | Anal Acrobats | 05/16/2012 20:40 |
| 98.224.44.246 | F3204F71EE148D556559761B01E9C69D899FB8E9 | Anal Acrobats | 05/16/2012 20:40 |
| 98.224.44.246 | 2CB00C235792C6D9BF5EFD3373043B163AAB2F03 | Young and Hot | 06/08/2012 19:42 |
| 98.224.44.246 | 2CB00C235792C6D9BF5EFD3373043B163AAB2F03 | Young and Hot | 06/08/2012 19:43 |
| 98.224.44.246 | 2CB00C235792C6D9BF5EFD3373043B163AAB2F03 | Young and Hot | 06/08/2012 19:56 |
| 98.224.44.246 | 4848714BF431A12C1CA670BB52259F3D413A704E | Heavenly Brunettes | 07/20/2012 18:52 |
| 98.224.44.246 | 4848714BF431A12C1CA670BB52259F3D413A704E | Heavenly Brunettes | 07/20/2012 18:52 |
| 98.224.44.246 | 4848714BF431A12C1CA670BB52259F3D413A704E | Heavenly Brunettes | 07/20/2012 18:53 |
| 98.224.44.246 | 4848714BF431A12C1CA670BB52259F3D413A704E | Heavenly Brunettes | 07/20/2012 18:53 |
| 98.224.44.246 | 4848714BF431A12C1CA670BB52259F3D413A704E | Heavenly Brunettes | 07/20/2012 18:53 |
| 98.224.44.246 | AE17747810E6B5F659238133D57DC7A310B6FAF3 | Threes Company | 08/16/2012 20:11 |
| 98.224.44.246 | AE17747810E6B5F659238133D57DC7A310B6FAF3 | Threes Company | 08/16/2012 20:12 |

EXHIBIT B

LMFL49

| IP | Hash | Title | Hit Date UTC |
|---|---|---|---|
| 98.224.44.246 | AE17747810E6B5F659238133D57DC7A310B6FAF3 | Threes Company | 08/16/2012 20:19 |
| 98.224.44.246 | AE17747810E6B5F659238133D57DC7A310B6FAF3 | Threes Company | 08/16/2012 20:19 |
| 98.224.44.246 | AE17747810E6B5F659238133D57DC7A310B6FAF3 | Threes Company | 08/16/2012 20:19 |
| 98.224.44.246 | AE17747810E6B5F659238133D57DC7A310B6FAF3 | Threes Company | 08/16/2012 20:20 |

EXHIBIT B

LMFL49

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| MALIBU MEDIA, LLC,<br>409 W Olympic Boulevard, Suite 501,<br>Los Angeles, California 90015, | )<br>)<br>)<br>) | |
| Plaintiff, | ) | Civil Case No._____ |
| | ) | |
| v. | )<br>) | |
| ELIZABETH MILLS, | )<br>) | |
| Defendant. | )<br>) | |

---

## DECLARATION OF TOBIAS FIESER

**I, TOBIAS FIESER, HEREBY DECLARE:**

1.      My name is Tobias Fieser.

2.      I am over the age of 18 and am otherwise competent to make this declaration.

3.      This declaration is based on my personal knowledge and, if called upon to do so, I will testify that the facts stated herein are true and accurate.

4.      I am employed by IPP, Limited ("IPP"), a company organized and existing under the laws of Germany, in its litigation support department.

5.      Among other things, IPP is in the business of providing forensic investigation services to copyright owners.

6.      As part of my duties for IPP, I routinely identify the Internet Protocol ("IP") addresses that are being used by those people that are using the BitTorrent protocol to reproduce, distribute, display or perform copyrighted Works.

7.      An IP address is a unique numerical identifier that is automatically assigned to an internet user by the user's Internet Service Provider ("ISP").

1

EXHIBIT C

8.     ISPs keep track of the IP addresses assigned to their subscribers.

9.     Only the ISP to whom a particular IP address has been assigned for use by its subscriber can correlate the IP address to a real person, the subscriber of the internet service.

10.     From time to time, a subscriber of internet services may be assigned different IP addresses from their ISP. Accordingly, to correlate a person with an IP address the ISP also needs to know when the IP address was being used.

11.     Many ISPs only retain the information sufficient to correlate an IP address to a person at a given time for a very limited amount of time.

12.     Plaintiff retained IPP to identify the IP addresses that are being used by those people that are using the BitTorrent protocol and the internet to reproduce, distribute, display or perform Plaintiffs' copyrighted works.

13.     IPP tasked me with implementing, monitoring, analyzing, reviewing and attesting to the results of the investigation.

14.     During the performance of my duties, I used forensic software named INTERNATIONAL IPTRACKER v1.2.1 and related technology enabling the scanning of peer-to-peer networks for the presence of infringing transactions.

15.     INTERNATIONAL IPTRACKER v1.2.1 was correctly installed and initiated on a computer server.

16.     I personally extracted the resulting data emanating from the investigation.

17.     After reviewing the evidence logs, I isolated the transactions and the IP addresses being used on the BitTorrent peer-to-peer network to reproduce, distribute, display or perform Plaintiff's copyrighted works associated with the Unique Hash number.

18.     The information set forth on Exhibits A and B to the Complaint accurately states

2

EXHIBIT C

the results of IPP's investigation of the infringement committed by the Defendant in this case.

19.    On each "hit date" listed on Exhibits A and B a computer using the IP address assigned to Defendant connected to IPP's investigative server and transmitted a full copy, or portion thereof, of a digital media mile identified by the Unique Hash Numbers that correlate to the Works covered by the Copyrights-In-Suit which are set forth on Exhibit C to the Complaint.

20.    IPP's software analyzed each BitTorrent "piece" distributed by Defendant's IP address and verified that reassembling the piece(s) using a specialized BitTorrent Client results in fully playable digital motion pictures.

21.    I was provided with control copies of the Works covered by the Copyrights-In-Suit. I viewed the Works side-by-side with the digital media files identified by thoseUnique Hash Numberswhich correlate to the copies of the works covered by the Copyrights-In-Suit and determined that each of the digital media files containeda movie that is identical, striking similar or substantially similar to the Works covered by the Copyrights-In-Suit..

22.    Once provided with Defendant's IP address, plus the date and time of the detected and documented infringing activity, Defendant's ISP can use its subscriber log to identify the name, address, billing address, email address and phone number of the Defendant.

**FURTHER DECLARANT SAYETH NAUGHT.**

**<u>DECLARATION</u>**

PURSUANT TO 28 U.S.C. § 1746, I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 25t5 day of _Oddbr_ , 2012.

**TOBIAS FIESER**

By: _Lier_

3

**EXHIBIT C**